CSD 1160 [05/15/03]
Name, Address, Telephone No. & I.D. No.

Mark T. Domeyer, Esq., CA Bar No. 135008
MILES, BAUER, BERGSTROM & WINTERS, LLP
1231 E. Dyer Road, Suite 100
Santa Ana, CA 92705
(714) 481-9100 / FAX (714) 481-9144 Our File No. 10-01279

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In Re<br>DAVID JEFFREY FLAKER AND ALICIA ANN FLAKER,<br>Debtor. | BANKRUPTCY NO. 10-02506-LT7 |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS CWALT, INC.,<br>Moving Party | RS NO.  M&B1 |
| DAVID JEFFREY FLAKER AND ALICIA ANN FLAKER, Debtor;<br>GERALD H. DAVIS, Trustee,<br>Respondent(s) | |

MOTION FOR RELIEF FROM AUTOMATIC STAY
☑ REAL PROPERTY    ☐ PERSONAL PROPERTY

Movant in the above-captioned matter moves this Court for an Order granting relief from the automatic stay on the grounds set forth below.

1.  A Petition under Chapter ☑ 7 ☐ 11 ☐ 12 ☐ 13 was filed on February 19, 2010

2.  Procedural Status:
    a.  ☑ Name of Trustee Appointed (if any):    GERALD H. DAVIS
    b.  ☐ Name of Attorney of Record for Trustee (if any):
    c.  ☐ (Optional) Prior Filing Information:
        Debtor has previously filed a Bankruptcy Petition on: _____.
        If applicable, the prior case was dismissed on: _____.
    d.  ☐ (If Chapter 13 case): Chapter 13 Plan was confirmed on _____ or a confirmation hearing is set for _____.

Movant alleges the following in support of its Motion:

1.  ☑ The following real property is the subject of this Motion:
    a.  Street address of the property including county and state:
        933 TEMPERA COURT
        OCEANSIDE, CA 92507

    b.  Type of real property (e.g., single family residence, apartment building, commercial, industrial, condominium, unimproved):
        SINGLE FAMILY RESIDENCE

    c.  Legal description of property is attached as Exhibit A.

CSD 1160

CSD 1160 (Page 2) [05/15/03]

    d.    If a chapter 11 or 13 case and if non-payment of any post-petition payment is a ground for relief, attach the accounting required by Local Bankruptcy Rule 4001-2(a)(4) as Exhibit B.

    e.    *Fair market value of property as set forth in the Debtor's schedules: $ __365,000.00__

    f.    *Nature of Debtor's interest in the property:
        CO-OWNERS

2.    ☐ The following personal property is the subject of this Motion (describe property):

    a.    Fair market value of property as set forth in the Debtor's schedules: $_____

    b.    Nature of Debtor's interest in the property:

3.    *Fair market value of property according to Movant: $ __365,000.00__

4.    *Nature of Movant's interest in the property: FIRST DEED OF TRUST

5.    *Status of Movant's loan:
    a.    Balance owing on date of Order for Relief:    $ __549,091.75__
    b.    Amount of monthly payment:    $ __2,138.56__
    c.    Date of last payment:    __12/17/2008__
    d.    If real property,
        i.    Date of default:    __7/1/2008__
        ii.    Notice of Default recorded on:    _____
        iii.    Notice of Sale published on:    _____
        iv.    Foreclosure sale currently scheduled for:    _____
    e.    If personal property,
        i.    Pre-petition default:    $_____    No. of months:_____
        ii.    Post-petition default:    $_____    No. of months:_____

6.    (If Chapter 13 Case, state the following:)
    a.    Date of post-petition default:    _____
    b.    Amount of post-petition default:    $_____

7.    Encumbrances:
    a.    Voluntary encumbrances on the property listed in the Schedules or otherwise known to Movant:

| Lender Name | Principal Balance | (IF KNOWN) Pre-Petition Arrearages Total Amount | # of Months | Post-Petition Arrearages Total Amount | # of Months |
|---|---|---|---|---|---|
| 1st: Bank of New York | 506,381.06 | 37,733.57 | 20 | 4,977.12 | 2 |
| 2nd: Real Time Res | 58,000.00 | | | | |
| 3rd: | | | | | |
| 4th: | | | | | |
| Totals for all Liens: | $ 564,381.06 | $ 37,733.57 | | $ 4,977.12 | |

    b.    Involuntary encumbrances of record (e.g., tax, mechanic's, judgment and other liens, lis pendens) as listed in schedules or otherwise known to Movant:
        ☐ See attached page, if necessary.

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

CSD 1160 (Page 3) [05/15/03]

8. Relief from the automatic stay should be granted because:

    a. ☑ Movant's interest in the property described above is not adequately protected.

    b. ☑ Debtor has no equity in the ☑ real property ☐ personal property described above and such property is not necessary to an effective reorganization.

    c. ☐ The property is "single asset real estate", as defined in 11 U.S.C. § 101(51B), and 90 days (or _____ days as ordered by this court) have passed since entry of the order for relief in this case, and

        i. the Debtor/Trustee has not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; and

        ii. the Debtor/Trustee has

            (1) ☐ not commenced monthly payments to each creditor whose claim is secured by the property (other than a claim secured by a judgment lien or by an unmatured statutory lien), or

            (2) ☐ commenced payments, but such payments are less than an amount equal to interest at a current fair market rate on the value of each creditors' interest in the property.

    d. ☐ *Other cause exists as follows (specify): ☐ See attached page.


When required, Movant has filed separate Declarations pursuant to Local Bankruptcy Rule 4001-2(a)(5) and (6).

Movant attaches the following:

1. ☑ Other relevant evidence:
Declaration of Betty Greene in Support of Motion for Relief from the Automatic Stay.

2. ☐ (Optional) Memorandum of points and authorities upon which the moving party will rely.


WHEREFORE, Movant prays that this Court issue an Order granting the following:

☑ Relief as requested.

☑ Other:
1. For an Order waiving the 14-day stay provided by Bankruptcy Rule 4001(a)(3).
2. For an Order binding and effective despite any conversion of this bankruptcy case.


Dated: May 7, 2010

                                      /s/ Mark T. Domeyer
                                      [Attorney for] Movant

*Separately filed Declaration required by Local Bankruptcy Rule 4001-2(a)(5).
CSD 1160

**ATTACHMENT PAGE TO MOTION FOR RELIEF FROM AUTOMATIC STAY**

There is currently a second Trust Deed upon the Property in favor of REAL TIME RESOLUTION, securing a Promissory Note in an unknown original amount. The present unpaid principal balance of said Note is $58,000.00 as listed on Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules. Attached hereto as **Exhibit "E"** is a copy of Schedule D-Creditors Holding Secured Claims of the Debtors' Schedules.

4